UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

DENNIS STRUTTON, JAMES PURK,        )
TROY SPENCER, MICHAEL GODDARD,      )
JANIN SHAFER, TONY AMONETTE,        )
JOSEPH JOHNSON, TIM NELSON,         )
TIM DAILY, ROBERT LIEURANCE, and    )
CARL McDONALD,                      )
                                    )
            Plaintiffs,             )
                                    )
        vs.                         )   No. 4:04CV616-DJS
                                    )
ALAN BLAKE, and                     )
JOHN and JANE DOE(S)                )
                                    )
            Defendants.             )

### ORDER

Plaintiffs are all residents of the Missouri Sexual Offender Treatment Center ("MSOTC"). Defendant Blake is Chief Operations Officer of the MSOTC. Plaintiffs have filed a second amended complaint asserting eight different counts under several statutes, including 42 U.S.C. § 1983. The counts include claims of denial of meaningful access to the courts, inadequate medical care and treatment, inadequate exercise periods and access to gym equipment, the right to work, freedom of movement and access to the internet, in addition to claims of due process violations and cruel and unusual punishment.

Now before the Court are several motions in the above captioned case. Upon careful consideration, the Court denies pro se plaintiffs' motion for class certification [Doc. #85], pro se

plaintiff McDonald's motion for complete severance and order of separate trials [Doc. #109], and pro se plaintiff Amonette's motion for mandatory judicial notice [Doc. #126]. However, the Court grants pro se plaintiff Strutton's motion for extension of discovery [Doc. #111] and defendant Blake's motion to amend case management order [Doc. #136].

**A.   Motion for Class Certification**

First, the Court addresses pro se plaintiffs' motion for class certification. Plaintiffs propose a class of all the MSOTC residents, to be represented by plaintiffs. To obtain class certification, plaintiffs must show that "1) the class is so numerous that joinder of all members is impracticable, 2) there are questions of law or fact common to the class, 3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and 4) the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a). The Court "has wide discretion in determining whether or not to certify a class under Rule 23." Coley v. Clinton, 635 F.2d 1364, 1378 (8th Cir. 1980).

To be representatives of the class, plaintiffs must have suffered the same injury as the members of the class. Roby v. St. Louis Southwestern Ry. Co., 775 F.2d 959, 961 (8th Cir. 1985). Plaintiffs have pled claims concerning denials of access to an adequate law library, adequate medical care, and exercise or gym

equipment, in addition to claims concerning freedom of movement. The injuries, if any, associated with these claims are not uniform for the residents at the MSOTC. Without uniform injuries, plaintiffs cannot suffer the same injury as the class, and thus cannot adequately represent them. Furthermore, these issues are not amenable to class treatment as the inherent issues of fact and law associated with these claims differ from claimant to claimant.

Both of plaintiffs' claims for access to an adequate law library and adequate medical care require an injury. See Lewis v. Casey, 518 U.S. 343, 348-49 (1996) (requiring that a petitioner in establishing a claim of an inadequate library show actual injury related to contemplated or existing litigation); Estelle v. Gamble, 429 U.S. 97, 103-04 (1976) (requiring deliberate indifference to a serious illness or injury for a claim of inadequate medical care). Plaintiffs have failed to show any common injury to the class with respect to these claims. Furthermore, the likely variety of injuries, if any, among the proposed class would result in a multitude of questions of law and fact that are not common to the proposed class.

Plaintiffs have also failed to show how they suffer the same injuries as the members of the proposed class with respect to their claims of inadequate access to fitness equipment and interference with freedom of movement. As evidenced by defendant Blake's affidavit in support of his response [Doc. #120.1],

different residents of the MSOTC are given different restrictions according to their behavior and cooperation. Plaintiff Strutton, for example, is confined in the most restrictive area of the MSOTC, while other members of the proposed class do not experience the same limitations on their movement and access to gym or exercise equipment. Here again, the questions of law and fact specific to each proposed class member vary. The potential variety of injuries preclude plaintiffs from appropriately representing the class. Furthermore, as several circuits have noted, pro se plaintiffs are inadequate representatives of an entire class. See Fymbo v. State Farm Fire and Cas. Co., 213 F.3d 1320, 1321 (10th Cir. 2000) ("A litigant may bring his own claims to federal court without counsel, but not the claims of others."); Oxendine v. Williams, 509 F.3d 1405, 1407 (4th Cir. 1975) ("[W]e consider the competence of a layman representing himself to be clearly too limited to allow him to risk the rights of others."). For the above reasons, plaintiffs' request for class certification is denied.

**B.   Motion for Complete Severance and Order of Separate Trials**

Also before the Court is plaintiff McDonald's motion for complete severance and order of separate trials. The Court has considered the arguments by both parties and is not persuaded to grant the relief plaintiff McDonald requests.

**C.   Motion for Mandatory Judicial Notice**

Also before the Court is plaintiff Amonette's motion for

mandatory judicial notice.  This Court does not take judicial notice of facts except within the context of a motion, such as summary judgment, or a trial on the merits.  According to Fed. R. Evid. 201(b), "a judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."  Furthermore, given the nature of the assertions, the Court is not capable of taking judicial notice of several, if not all, of plaintiff Amonette's asserted facts.  As plaintiff Amonette notes in his motion, several of the asserted facts are also contained within plaintiff Amonette's requests for admission.  Requests for admission are a more appropriate means for establishing these facts.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion for class certification [Doc. #85] is denied.

**IT IS FURTHER ORDERED** that plaintiff McDonald's motion for complete severance and order of separate trials [Doc. #109] is denied.

**IT IS FURTHER ORDERED** that plaintiff Amonette's motion for mandatory judicial notice [Doc. #126] is denied.

**IT IS FURTHER ORDERED** that plaintiff Strutton's motion for extension of discovery [Doc. #111] is granted.

**IT IS FURTHER ORDERED** that defendant Blake's motion to amend case management order [Doc. #136] is granted. Upon careful consideration of defendant Blake's motion and plaintiff Strutton's premature response of September 13, 2005 to defendant Blake's motion [Doc. #134.1], the case management order is amended as follows:

1. Following disclosure each party may engage in discovery under the Federal Rules of Civil Procedure but <u>all</u> discovery in this case must be completed by **November 8, 2005**. Parties shall file motions to compel in a prompt manner and in no event after the discovery deadline.

2. Any motion for summary judgment must be filed no later than **November 22, 2005**. Failure to file such a motion within that time period will waive a party's right to do so before trial.

Dated this ___29th___ day of September, 2005.

/s/ Donald J. Stohr
UNITED STATES DISTRICT JUDGE